ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
2007 MAR 27 P 2: 14
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| DUSHAWN AVERY CALHOUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 307-002 |
| | ) | |
| FRED BURNETTE, Warden, and ROBIN MCLIN, Sergeant, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Telfair State Prison ("Telfair") in Helena, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I. BACKGROUND

Liberally construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants Fred Burnette, the Warden at Telfair, and Robin McLin, a Sergeant at Telfair. In his complaint, Plaintiff states that in November 2006, he was issued a disciplinary

report for an altercation that he had with inmate Ernest Perez, Plaintiff's cellmate, when they were both assigned protective custody status and placed in the same cell. (Doc. no. 1, p. 5). Plaintiff claims that he told Defendant McLin five or six times that he and Perez were having problems to such an extent that Plaintiff felt that these problems would lead to Perez assaulting him.[1] (Id.). Plaintiff states that he also informed Defendant McLin that Perez told him that Perez did not want Plaintiff in the cell and that Perez wanted the cell to himself. (Id.). Plaintiff specifically requested that he be moved to another cell to prevent a potential physical altercation. (Id.). However, according to Plaintiff, Perez eventually assaulted him by hitting him "violently in the face with a drinking cup." (Id.).

Plaintiff states that the prison policy dictating that inmates with protective custody status shall be housed together and also with other general population inmates in the F-Building, a policy that was created by Defendant Burnette and enforced by Defendant McLin, endangered his life, safety, and welfare. (Id. at Statement of Claim (continued), p. 2). Specifically, Plaintiff asserts that Defendants were deliberately indifferent to his safety when they "willfully and repeatedly ignor[ed]" his request to be moved from his cell and placed in another open cell. (Id.). Plaintiff states that Defendant McLin responded to his requests to be transferred to another cell, stating that he was "only doing what 'his boss' [Defendant Burnette] told him to do, or by making statements like 'why don't you just sign off [protective custody] if you don't like your cell." (Id.). Plaintiff claims that Perez has a

---

[1] Plaintiff has attached to his complaint four letters written to Defendant McLin stating that Plaintiff and Perez were having problems and asking Defendant McLin to transfer Plaintiff to another cell. (Doc. no. 1, Exs., A-D).

2

history of having inmates moved out of his cell, and that Perez suffers from "mental health, mental retardation" problems. (Id.).

## II. DISCUSSION

Based the allegations in Plaintiff's complaint, it appears that he is improperly suing Defendant Burnette under the theory of respondeat superior. In the Eleventh Circuit, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff claims that Defendant Burnette is liable because he adopted and implemented the policy that inmates with protective custody status shall be housed together and also with other general population inmates in the F-Building, which resulted in the altercation with inmate Perez that allegedly violated Plaintiff's constitutional rights. This is not sufficient to demonstrate that Defendant Burnette personally participated in the alleged deliberate indifference to Plaintiff's safety. Likewise, Plaintiff's claim that Defendant McLin told Plaintiff that he was only doing what his boss, Defendant Burnette, told him to do, is not

3

sufficient to establish that Defendant Burnette specifically knew the details of Plaintiff's situation and deliberately chose to ignore Plaintiff's claims about the danger posed by inmate Perez.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Burnette and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (noting that a plaintiff must allege an affirmative causal connection between a defendant and an alleged constitutional violation in order to obtain relief). The "causal connection" can be established "when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, Plaintiff has proffered no allegations to suggest that Defendant knew about any widespread abuse. Moreover, as noted above, although Plaintiff claims that Defendant Burnette's policy resulted in the physical harm he allegedly suffered as a result of inmate

---

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). Plaintiff has not made allegations of "widespread abuse."

4

Perez's assaulting him, Plaintiff has not alleged facts that demonstrate that Defendant Burnette enacted the policy to specifically deprive Plaintiff of his constitutional rights, or that Defendant Burnette knew of the policy's effect on Plaintiff and deliberately chose to ignore the potential harm to Plaintiff's situation.

Additionally, an allegation of a single incident of unconstitutional activity is not sufficient to establish that an official policy or custom resulted in the deprivation of an individual's constitutional rights such that liability can be imposed unless the existing policy is proven to be unconstitutional. Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985). Here, Plaintiff has also not alleged facts to demonstrate that the underlying policy was itself unconstitutional. Therefore, the Court recommends that Defendant Burnette be **DISMISSED** from this case.

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Defendant Fred Burnette be **DISMISSED** from this case.[3]

SO REPORTED and RECOMMENDED this 27th day of March, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] By separate Order, the Court has directed that service of process be effected on Defendant McLin for Plaintiff's claim of deliberate indifference to his safety.

5