ORIGINAL

FILED
U.S. DISTRICT COURT
2008 MAR 27 PM 12: 27
CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DUSHAWN AVERY CALHOUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 307-002 |
| ) | |
| ROBIN MCLIN, Sergeant, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case was commenced pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Presently before the Court is Plaintiff's "Request for Entry of Default." (Doc. no. 13).

As Plaintiff is proceeding IFP, he is entitled to rely on the "officers of the court" to serve all process. See 28 U.S.C. § 1915(d). The Court directed the U.S. Marshal to effect service on Defendant McLin on Plaintiff's claim of deliberate indifference to his safety. (Doc. no. 9). In that Order, the Court explained that in accordance with Fed. R. Civ. P. 4, service must be accomplished within 120 days of the date of the Order. (Id. at 3). The U.S. Marshal effected service on April 9, 2007, but no answer was filed until October 2, 2007.

Plaintiff requests that a default be entered against Defendant McLin, asserting, that Defendant McLin failed to answer or otherwise defend the action within the time prescribed by Federal Rule of Civil Procedure 12(a). (Doc. no. 13, p. 3). Defense counsel explains that

there was a delay in forwarding Plaintiff's complaint to the Attorney General, but that once the complaint did reach the Attorney General, a pre-answer motion to dismiss the above-captioned case was promptly filed.[1] (Id. at 2). In the motion to dismiss, Defendant requests that the Court dismiss Plaintiff's complaint for failure to state a claim, or in the alternative, he asserts that he is entitled to qualified immunity.[2] (Id.).

Federal Rule 55(c) allows for the entry of default to be set aside upon a showing of good cause. The Eleventh Circuit has explained that the "good cause" standard is a liberal one. Hinson v. Webster Indus., 240 F.R.D. 687, 690 (M.D. Ala. 2007) (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996)). This standard is more lenient than the excusable neglect standard that courts apply in setting aside a default judgment. Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990). Although good cause is not measured by a precise formula, some factors that courts may consider in deciding to set aside an entry of default is whether the default was culpable or willful, whether setting it aside would prejudice the adversary, whether the defaulting party presents a meritorious defense, and whether prompt action was taken to correct the default. Hinson, 240 F.R.D. at

---

[1] According to defense counsel, an answer to the complaint was not timely filed on behalf of Defendant because - although Defendant Mc Lin followed the standard procedure and gave Plaintiff's complaint to the Warden's assistant - the Warden's assistant did not forward the complaint to the Attorney General's office as she should have. (Doc. no. 14, p. 2). In addition, defense counsel provides "Defendant McLin was not aware that an answer or responsive pleading had not been filed and is not "at fault" for the delay." (Id.).

[2] Defendant McLin's pre-answer motion to dismiss is pending, however, because Plaintiff never responded to the motion, Plaintiff, in a simultaneously filed Order is being warned to respond; upon the expiration of that warning Defendant's pre-answer motion to dismiss will be ripe for disposition.

2

690 (citing Compania, 88 F.3d at 951).

Upon consideration of the instant case, the Court finds that the factors set forth by the Eleventh Circuit and described above militate in favor of this Court setting aside the default, had it been entered. There is nothing in the record to suggest culpable or willful conduct, let alone a pattern of disregard for Court rules, on the part of Defendant. Nor has Plaintiff shown any prejudice by having the case proceed on the merits.[3] Moreover, as noted above, Defendant has presented facially meritorious defenses. Lastly, although the Court does not condone the length of delay in responding to Plaintiff's complaint, it notes that once the waiver and Plaintiff's complaint were submitted to the Attorney General, a response was promptly filed.

Upon the foregoing, the Court **REPORTS** and **RECOMMENDS** that the "Request for Entry of Default" be **DENIED**.

SO REPORTED and RECOMMENDED this 27th day of March, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] Notably, prejudice is not established merely by showing that the litigation will go forward absent default. Thiemann v. Electrical Insulation Suppliers, Inc., 180 F.R.D. 200, 201 (D.P.R. 1998); East Coast Express, Inc. v. Ruby, Inc., 162 F.R.D. 37, 39-40 (E.D. Pa. 1995).

3